UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| S. SEANAH DIXON, | Case No.: 2:22-cv-01412-APG-DJA |
| Plaintiff | **Order (1) Denying Motions for Injunctive Relief, (2) Granting Motion to Seal, (3) Denying as Moot Motion for Expedited Review, and (4) Denying Motion for Medical Records** |
| v. | |
| STACY BARRETT, et al., | |
| Defendants | (ECF Nos. 1-2, 1-3, 9, 18, 22) |

Plaintiff S. Seanah Dixon filed a complaint and motions for injunctive relief seeking a variety of medical tests and consultations with physicians.[1] I screened Dixon's complaint and directed the Attorney General's Office to respond to the motions, given the nature of her allegations. ECF Nos. 4, 6. The Attorney General did so. ECF No. 8.

To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either test, a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v.*

---

[1] I previously denied a similar motion for injunctive relief that Dixon filed in another case. *See* ECF No. 18 in Case No. 2:21-cv-2133.

*Armstrong*, 520 U.S. 968, 972 (1997) (simplified). Mandatory injunctions, like the one Dixon seeks—which go beyond maintaining the status quo and instead order a party to take specific action—are "particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (simplified).

In the context of a lawsuit challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and . . . respect the principles of comity set out" in § 3626(a)(1)(B). *Id.*

Dixon has failed to show a likelihood of success on the merits. She complains of a wide variety of ailments. She alleges the defendants have been indifferent to her suffering and retaliating against her by denying medical care. The defendants presented evidence that Dixon was evaluated upon arrival at High Desert State Prison and subsequently had several medical tests and consultations, including treatment with physicians outside the prison system. ECF No. 8 at 3-5. And Dixon has refused treatment at times. *Id.*

Rather than showing deliberate indifference, the available evidence shows that the defendants addressed Dixon's medical needs with monitoring, multiple tests, and referral to a cardiologist. *See Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) ("A prison official is deliberately indifferent to that need if he knows of and disregards an excessive risk to inmate health." (quotation omitted)). Dixon's disagreement with the defendants' course of evaluation and treatment are insufficient reasons for injunctive relief. *Wilhelm v. Rotman*, 680 F.3d 1113,

1122 (9th Cir. 2012) (stating that "a plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference" (quotation omitted)); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [an inmate's] serious medical needs."). Nor do her allegations raise serious questions on the merits of her case.

Dixon also alleges that the defendants have falsified her medical records to cover up her claims of mistreatment, but she provides insufficient evidence to support that allegation.

Although I screened Dixon's complaint and allowed her to proceed with her claims, that does not satisfy the more stringent standard for injunctive relief. Because Dixon has not satisfied the heightened standard to justify a mandatory injunction, I deny her motions for injunctive relief.[2]

I THEREFORE ORDER that plaintiff S. Seanah Dixon's motions for injunctive relief **(ECF Nos. 1-2, 1-3) are DENIED**.

I FURTHER ORDER that the defendants' motion for leave to file medical records under seal **(ECF No. 9) is GRANTED**. ECF No. 10 shall remain sealed.

I FURTHER ORDER that the plaintiff's motion for medical records **(ECF No. 18) is DENIED**. Dixon may not possess her medical records in her cell, but she may review those records in the prison's designated facility.

/ / / /

---

[2] The defendants also argue that I have no jurisdiction to enter injunctive relief against them because they have not been served with process. ECF No. 8 at 7. They also contend that Dixon has not exhausted her administrative remedies before filing this lawsuit. *Id.* at 8. I do not need to address these procedural arguments at this time because I am denying Dixon's motions on other grounds.

I FURTHER ORDER that plaintiff S. Seanah Dixon's motion for expedited review **(ECF No. 22) is DENIED as moot**.

DATED this 14th day of November, 2022.

                                                                     _____
                                                                     ANDREW P. GORDON
                                                                     UNITED STATES DISTRICT JUDGE