UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| S. SEANAH DIXON,<br><br>　　　　Plaintiff<br><br>v.<br><br>STACY BARRETT, et al.,<br><br>　　　　Defendants | Case No.: 2:22-cv-01412-APG-DJA<br><br>**Order Denying (1) Motion for Reconsideration and (2) Motion for Appointment of Counsel**<br><br>**(ECF Nos. 25, 26)** |

Plaintiff S. Seanah Dixon has filed a motion for reconsideration on the denial of her motions for injunctive relief and a motion for appointment of counsel. ECF Nos. 25, 26.

**A.    Motion for Reconsideration**

Dixon argues that my denial of her motions for injunctive relief are no longer equitable because I based my decision on misinformation that Dixon had access to her medical exhibits prior to filing a reply. ECF No. 25 at 5. Dixon alleges that she never had access to her medical records despite her "extensive requests" to review them. *Id.* She asserts that she could not plausibly be able to support her medical-related claims and allegations without access to her medical records. *Id.* at 6. Dixon moves for reconsideration of my November 14, 2022, order, so she can re-brief her motion after she has time to review the exhibits. *Id.*

In my November 14, 2022, order, I denied Dixon's motion for medical records. ECF No. 24. In her motion for medical records, Dixon argued that she had not viewed the defendants' exhibits because she wanted to possess them in her cell. ECF No. 18 at 2. I denied that motion and told her that she could review her medical records in the prison's designated facility but could not possess the records in her cell. ECF No. 24 at 3.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

I deny the motion for reconsideration. I previously considered Dixon's argument about reviewing her medical records. Although Dixon asserts that she made extensive requests to view her medical records, she does not specify whether she was prohibited from reviewing her records in the prison's designated facility or whether she was prohibited from reviewing them in her cell. Based on her earlier motion, it appears that Dixon wanted to review her records in her cell which she cannot do. Dixon has not demonstrated that I committed clear error in my initial decision.

**B.    Motion for Appointment of Counsel**

Dixon's motion for appointment of counsel, written by an inmate assistant, argues that Dixon needs appointed counsel because she has limited access to her current inmate assistant. ECF No. 26. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When

determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate [their] claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Dixon has not alleged any exceptional circumstances that warrant the appointment of counsel. *See Baker v. Macomber*, No. 2:15-CV-00248-TLN-AC, 2020 WL 1182495, at *1 (E.D. Cal. Mar. 12, 2020) (finding that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel"). Dixon has not demonstrated that she cannot articulate her claims on her own and has not provided any other reasons as to why she would need the assistance of counsel. I deny the motion for appointment of counsel without prejudice.

**Conclusion**

I order that the motion for reconsideration (ECF No. 25) is denied.

I further order that the motion for appointment of counsel (ECF No. 26) is denied without prejudice.

Dated: January 25, 2023

_____
U.S. District Judge