UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| S. Seanah Dixon,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Stacy Barrett, et al.,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-01412-APG-DJA<br><br>**Order** |

Plaintiff is an inmate at the High Desert State Prison proceeding *pro se*. Before the Court are Plaintiff's motion for an extension of discovery, filed as a motion to stay discovery (ECF No. 46); motion seeking the ability to review her medical records (ECF No. 48); motion for service by the U.S. Marshals Service (ECF No. 49); and motion to extend time for service (ECF No. 50). Defendants do not oppose Plaintiff's motion to extend discovery or for her to review her medical records. (ECF Nos. 53, 54). Plaintiff is also entitled to rely on the U.S. Marshals for service of the remaining Defendants and has demonstrated good cause to extend the time for service. The Court thus grants Plaintiff's motion to extend discovery (ECF No. 46), denies her motion to review her medical records as moot (ECF No. 48), grants her motion for service by the U.S. Marshals Service (ECF No. 49), and grants her motion to extend time for service (ECF No. 50).

**I.      Discussion.**

　　　　**A.      *Plaintiff's motion to stay discovery.***

Plaintiff's motion to stay discovery actually seeks an extension of discovery for sixty to ninety days. (ECF No. 46). Defendants filed a non-opposition to Plaintiff's motion and provide that the parties had a productive teleconference in which they agreed to request that the Court modify the scheduling order. (ECF No. 53). The Court finds that the parties have demonstrated

good cause to extend the discovery plan and thus grants Plaintiff's motion and will grant Defendants' listed discovery schedule.

### B.     *Plaintiff's motion to review her medical records.*

Plaintiff seeks "ample opportunity to review her [medical] records in the [prison] facility's designated area…and to be permitted sufficient time…" (ECF No. 48).  Defendants respond that, after Plaintiff submitted her motion, but before it was filed with the Court, Plaintiff and Defendants' counsel agreed via teleconference to arrange time for Plaintiff to review her medical records.  (ECF No. 54).  The Court therefore denies Plaintiff's motion as moot.

### C.     *Plaintiff's motion for service by U.S. Marshals and motion to extend time.*

Plaintiff moves for the U.S. Marshals to serve unserved Defendants Sandra Gobler and Steven Salkoff (ECF No. 49) and for an extension of time for service (ECF No. 50).  On March 16, 2023, the Attorney General's Office declined to accept service on behalf of Defendants Gobler and Salkoff because they did not request representation in this matter.  (ECF No. 34).  The Attorney General's Office then filed Gobler and Salkoff's last known addresses under seal.  (ECF No. 35).  On May 1, 2023, the Clerk's office entered a notice that Gobler, Salkoff, and Defendants Terrence Jackson, Gisten, and Ronos may be dismissed from the action on May 31, 2023 unless Plaintiff filed proof of service.  (ECF No. 45).  Plaintiff thus requests that the U.S. Marshals Service serve Gobler and Salkoff using the under-seal address provided by the Attorney General's Office.  Plaintiff also seeks a forty-five-day extension in which to identify Jackson, Gisten, and Ronos through discovery.

The Court grants Plaintiff's motions.  Plaintiff may rely on the U.S. Marshals Service for service under Federal Rule of Civil Procedure 4(c)(3).  Additionally, under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for failure to serve a defendant within ninety days of the complaint being filed, the Court must extend the time for service for an appropriate period. The Court finds good cause here because, after the stay in this case was lifted on January 24, 2023, the Attorney General's Office did not accept service and file the under-seal addresses until March 16, 2023, shortening Plaintiff's time to serve the unserved Defendants.  Additionally, the

Court recognizes that Plaintiff is incarcerated and thus, service is more difficult. The Court will grant both of Plaintiff's motions.

The Court notes that Plaintiff has also attached USM-285 forms to her motion. (ECF No. 49 at 4-5). However, USM-285 forms must be sent directly to the U.S. Marshals Service, not filed with the Court. Plaintiff must thus fill out USM-285 forms for Gobler and Salkoff and send them directly to the U.S. Marshals Service.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 46) is **granted.** The below deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties: | August 28, 2023 |
| Discovery cutoff: | September 27, 2023 |
| Discovery motions: | October 11, 2023 |
| Dispositive motions: | October 30, 2023 |
| Joint pretrial order: | November 29, 2023 |

**IT IS FURTHER ORDERED** that Plaintiff's motion to review her medical records (ECF No. 48) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service by the U.S. Marshals Service (ECF No. 49) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to issue summonses to Sandra Gobler and Steven Salkoff and to deliver the following to the U.S. Marshals for service: (1) the summonses for Sandra Gobler and Steven Salkoff; and (2) two copies of the complaint (ECF No. 5).

**IT IS FURTHER ORDERED** the Clerk of Court is also kindly directed to mail Plaintiff two copies of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **June 8, 2023** to send the U.S. Marshals the required USM-285 forms. Within twenty-one days after receiving a copy of the USM-285 forms back from the U.S. Marshals Service showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was

served.  If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time for service (ECF No. 50) is **granted.**  Plaintiff shall have forty-five additional days from the date of this order—until **July 3, 2023**—within which to serve Defendants.

DATED: May 18, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE