UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| S. SEANAH DIXON,<br><br>    Plaintiff<br><br>v.<br><br>STACY BARRETT, *et al.*,<br><br>    Defendants | Case No.: 2:22-cv-01412-APG-DJA<br><br>**Order on Motions**<br><br>[ECF Nos. 52, 56, 60, 70, 71, 72, 78, 86] |

Plaintiff S. Seanah Dixon filed several motions related to her request for emergency injunctive relief after alleging she suffered a stroke and a heart attack and did not receive adequate medical care. ECF Nos. 52; 56; 60; 70; 71; 72. I ordered the Attorney General's office to substantively respond to her motions. ECF Nos. 68; 74. The Attorney General did so. ECF No. 77. I grant in part and deny in part Dixon's motions. I also grant the Attorney General's motion to seal.

I.     LEGAL STANDARD

The legal standard for a temporary restraining order is substantially identical to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

1135 (9th Cir. 2011).  Under either test, a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (simplified).  Mandatory injunctions that go beyond maintaining the status quo and instead order a party to take specific action are "particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (simplified).

In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.*

**II.  DISCUSSION**

    A.  <u>Defendant McRoberts</u>

Dixon first moves for an order prohibiting defendant Justin McRoberts from contacting her or being involved in any of her legal affairs. ECF No. 52.  She alleges that McRoberts has inadequately responded to her medical emergencies and has been falsifying her medical records to justify non-treatment. *Id.* at 5.  Dixon does not specify which records she believes were falsified, and she offers no evidence that McRoberts tampered with those records.  Dixon filed copies of grievances alleging there was an unacceptably slow response to her medical emergencies and includes affidavits from prisoners who saw her having those emergencies. *Id.* at 8-11, 16-20.  But these documents do not support her contention that McRoberts tampered with

her records. To the extent Dixon challenges McRoberts' responses to her grievances in which he states that Dixon did not have a stroke when she went to the Centennial Hills emergency room on April 12, 2023, his statements are supported by the Centennial Hills medical records. ECF Nos. 79-11 at 9; 79-8 at 6. Centennial Hills doctors, not McRoberts, concluded after a range of tests that Dixon tested positive for methamphetamine and that her symptoms on admission were caused by that methamphetamine use. ECF No. 79-8 at 2, 6. Because Dixon fails to offer any evidence supporting her contention of falsified records, I deny her request to prohibit McRoberts from contacting her or being involved in her affairs.

### B. Diagnostic Testing

Dixon also moves for an order for diagnostic testing, specifically for an endoscopy and colonoscopy. ECF Nos. 56 at 1; 60 at 1. She alleges that she was referred for this testing on April 7, 2023, and that after several trips to the emergency room, and despite her repeated reports of internal bleeding, no appointments have been scheduled. ECF No. 70 at 2. The Attorney General's office responds that Dixon's emergency room trips were caused by methamphetamine use, and that as recently as early June 2023 someone tried to mail Dixon methamphetamines. ECF No. 77 at 4, 6. That may be true, but it does not negate Dixon's need for medical care.

The Attorney General's office agrees that at least as early as May 2, 2023, a medical provider at High Desert State Prison (HDSP) referred Dixon for an endoscopy and colonoscopy, as well as for cardiology and neurology appointments. ECF No. 77 at 5. A provider at HDSP saw Dixon again on May 22, 2023 and repeated the need to follow up on the three referrals. *Id.* In response to Dixon's motions, the Attorney General's office argues that it cannot control outside providers' availability and that HDSP is working on getting these appointments set up. *Id.* at 10 n.76 (citing the May 22, 2023 provider note repeating the need for the three referrals

and another note dated June 29, 2023 that is indecipherable).  The Attorney General's office thus does not seem to dispute that the appointments are medically necessary, but it offers no explanation for the long delay in merely scheduling the referrals.  I will therefore set deadlines for scheduling these appointments.

I do not base my order on Dixon's allegations that she had a heart attack and a stroke, as the medical records indicate both that she tested positive for methamphetamine and that her drug use was the cause of her symptoms. ECF No. 79-8 at 6.  And I am mindful that it is not the role of federal courts to micromanage prisoner healthcare. *See, e.g.*, *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003).  But the defendants appear to acknowledge that Dixon needs these appointments, and it is on that basis that I will set deadlines.

I therefore order that by **August 1, 2023**, the defendants will file an affidavit under seal stating the dates of Dixon's cardiology, neurology, endoscopy, and colonoscopy appointments that have been scheduled to occur no later than **September 1, 2023**.  If it is not possible to schedule those appointments to occur before **September 1, 2023**—for example, if outside providers are unavailable before then—the defendants must file an affidavit explaining the reasons for the delay and the actual dates of the appointments.  Because I partially grant the relief Dixon seeks, I deny her motion for extension of time as moot.

### III.     CONCLUSION

I THEREFORE ORDER that plaintiff S. Seanah Dixon's motions for injunctive relief **(ECF Nos. 52, 56, 60, 70, 71) are GRANTED in part** as set forth in this order.

I FURTHER ORDER that by **August 1, 2023**, the defendants must file an affidavit under seal (1) stating the dates of Dixon's cardiology, neurology, endoscopy, and colonoscopy appointments that have been scheduled to occur no later than **September 1, 2023**, or

(2) explaining the actual dates of those appointments and why they could not be scheduled by **September 1, 2023**.

I FURTHER ORDER that plaintiff S. Seanah Dixon's motion for judicial notice **(ECF No. 72)** and motion for extension of time **(ECF No. 86) are DENIED as moot**.

I FURTHER ORDER that the defendants' motion for leave to file medical records under seal **(ECF No. 78) is GRANTED**.  ECF No. 79 shall remain sealed.

DATED this 17th day of July, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE