UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| S. SEANAH DIXON,<br><br>    Plaintiff<br><br>v.<br><br>STACY BARRETT, *et al.*,<br><br>    Defendants | Case No.: 2:22-cv-01412-APG-DJA<br><br>**Order Denying Motions for Injunctive Relief and Review of Information**<br><br>[ECF Nos. 90, 105] |

    Plaintiff S. Seanah Dixon previously moved for an order prohibiting defendant Justin McRoberts from contacting her or being involved in any of her legal affairs. ECF No. 52. She contended that McRoberts inadequately responded to her medical emergencies and falsified her medical records to justify not treating Dixon's medical needs. *Id.* at 5. I denied the motion because Dixon did not identify the medical records she believed were falsified and offered no evidence that McRoberts tampered with those records. ECF No. 88 at 2-3. I also noted that to the extent Dixon challenged McRoberts' statement that Dixon did not have a stroke on April 12, 2023, McRoberts' statements were supported by Centennial Hills Hospital's medical records. *Id.* at 3 (citing ECF Nos. 79-11 at 9; 79-8 at 6). "Centennial Hills doctors, not McRoberts, concluded after a range of tests that Dixon tested positive for methamphetamine and that her symptoms on admission were caused by that methamphetamine use." *Id.* (citing ECF No. 79-8 at 2, 6).

    Just a few days after my order denying Dixon relief, she filed another emergency motion for injunctive relief related to McRoberts. ECF No. 90. Dixon contends that within days of my order, McRoberts made comments about Dixon and her cellmate being male despite identifying as transgender. Dixon contends that when she challenged McRoberts' statements as being

sexually harassing, McRoberts told her "If you don't like it, just have the Judge tell the A.G. to call us again." ECF No. 90 at 3. Based on this interaction, Dixon seeks an injunction barring McRoberts from speaking with Dixon or "being involved in any way, direct or indirect in issues involving Seanah Dixon, to include paperwork in her file and medication issuance." *Id.* at 4. Dixon requests McRoberts have "no contact" with her. *Id.*

The defendants respond that Dixon has not exhausted administrative remedies related to this new interaction that is not related to the underlying claims in this case, so she has no likelihood of success on the merits. They also contend that the other factors in the injunctive relief analysis do not support granting an injunction. In support of this response, the defendants submit a declaration by McRoberts in which he denies making the comments about Dixon and her cellmate's gender. ECF No. 92-2 at 2. He also denies telling Dixon to tell the Attorney General or the court to call the prison. *Id.*

Dixon then filed a motion "for review of information." ECF No. 105. In this motion, Dixon contends that McRoberts falsely told the court in his declaration that he did not have contact with Dixon and has never talked to Dixon in a negative way.[1] Dixon contends that after McRoberts filed the declaration denying the alleged commentary, McRoberts again made verbal comments to Dixon. Dixon attaches the affidavit of another prisoner, who states that he heard McRoberts call Dixon a "fag." *Id.* at 4. Dixon contends that McRoberts' willingness to lie to the court regarding his alleged comments to Dixon supports her prior allegation that he falsified Dixon's medical records provided to the court. Dixon renews her request that McRoberts have

---

[1] Dixon mischaracterizes McRoberts' declaration. He did not claim that he has had no contact with Dixon. Rather, he acknowledged that he "recall[ed] the incident" with Dixon and her cellmate, but he denied making the alleged comments. ECF No. 92-2 at 2. Even if McRoberts' denial is false, Dixon still has presented no evidence of falsified medical records.

no contact with her nor have access to records supplied to the court.  The defendants respond that this second motion has no points and authorities in support and to the extent this motion supplements the prior motion, Dixon did not obtain the court's leave to file a supplement.

To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).  Under either test, a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (simplified).

In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).  I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.*

I deny Dixon's motions because she has not shown a likelihood of success on the merits, as she has not exhausted her administrative remedies related to new allegations of alleged verbal harassment. *See, e.g.*, *Fordley v. Lizarraga*, 18 F.4th 344, 351 (9th Cir. 2021).  Additionally, Dixon seeks relief unrelated to the claims in this case.  Dixon's claims against McRoberts in this

case are that in March and June 2022, McRoberts was deliberately indifferent to Dixon's serious medical needs and retaliated against her for filing grievances by refusing to give her medical treatment. ECF No. 4 at 7-9, 12.  McRoberts' alleged verbal harassment of Dixon in August 2023 is not part of the complaint in this case.  I therefore deny Dixon's motions because her requested relief "deals with a matter lying wholly outside the issues in the suit." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).

      I THEREFORE ORDER that plaintiff S. Seanah Dixon's motions for a preliminary injunction **(ECF No. 90)** and for review of information **(ECF No. 105) are DENIED**.

      DATED this 27th day of September, 2023.

                                                            ANDREW P. GORDON
                                                            UNITED STATES DISTRICT JUDGE