# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| S. Seanah Dixon, | Case No. 2:22-cv-01412-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Stacy Barrett, et al., | |
| Defendants. | |

This is a civil rights action arising out of events that took place while Plaintiff was incarcerated at Ely State Prison and High Desert State Prison. Plaintiff sues Defendants for damages, declaratory relief, and injunctive relief, alleging claims for deliberate indifference to serious medical needs and retaliation. Plaintiff now moves for a court order requiring the U.S. Marshals Service to serve Defendants Sandra Gobler and Steven Salkoff (ECF No. 62), for appointment of counsel (ECF No. 63), to reinstate her motion to extend time (ECF No. 103), and for the Court to review her motion for appointment of counsel on an emergency basis (ECF No. 116).

Because the Court finds that Plaintiff has demonstrated good cause for another opportunity to serve Gobler and Salkoff, it grants Plaintiff's motion for an order regarding service. (ECF No. 62). Because the Court finds that Plaintiff has demonstrated that she did not intend to withdraw her previous motion to extend time, the Court will grant her motion to reinstate that motion and consider the merits of the motion to extend time. (ECF No. 103). Because the Court finds that Plaintiff has demonstrated exceptional circumstances, the Court grants her motion for appointment of counsel. (ECF No. 63). Because the Court grants the motion for appointment of counsel, it denies Plaintiff's emergency motion regarding the motion for appointment of counsel as moot. (ECF No. 116).

## I. Discussion.

### A. The Court grants Plaintiff's motion for a Court order regarding service (ECF No. 62).

Plaintiff moves for the Court to order the U.S. Marshals Service to attempt service on Defendants Gobler and Salkoff. Plaintiff explains that the Attorney General filed Gobler and Salkoff's last known addresses under seal and that Plaintiff then submitted two USM 285 forms indicating that those addresses were under seal. (ECF No. 62 at 5, 7). However, Plaintiff received notice that the U.S. Marshals Service could not serve the process because Plaintiff did not provide addresses. (*Id.* 11). No party filed a response.

The Court grants Plaintiff's motion and will grant her an extension to serve Gobler and Salkoff. Plaintiff may rely on the U.S. Marshals Service for service under Federal Rule of Civil Procedure 4(c)(3). Additionally, under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for failure to serve a defendant within ninety days of the complaint being filed, the Court must extend the time for service for an appropriate period.

In its prior order granting Plaintiff's motion for service on Gobler and Salkoff, the Court gave Plaintiff until July 3, 2023, to serve Defendants. Plaintiff filed the instant, renewed motion for service on June 6, 2023. The Court notes that, on Plaintiff's USM 285 forms, Plaintiff wrote that each address was "filed under seal with court," but Plaintiff did not specify *where* the U.S. Marshals Service could find Gobler and Salkoff's addresses under seal. The Court will thus give Plaintiff one more opportunity to attempt service on these Defendants. Plaintiff must fill out new USM-285 forms and send them directly to the U.S. Marshals Service. In the blank space asking for each Defendant's address, Plaintiff must specify that the address is filed under seal in Case No. 2:22-cv-01412-APG-DJA at ECF No. 35.

### B. The Court grants Plaintiff's motion for appointment of counsel (ECF No. 63) and denies Plaintiff's emergency motion (ECF No. 116) as moot.

Plaintiff moves for the Court to appoint counsel, asserting that her case is factually complex, that she lacks the ability to prosecute it because she is in administrative segregation, and that the case will involve conflicting testimony. (ECF No. 63). No party responded to the

motion. Plaintiff filed an affidavit in support of her motion. (ECF No. 82). Plaintiff also filed an emergency motion for the Court to review her motion for appointment of counsel, explaining that she has gone to the emergency room several times, is experiencing medical problems, and is waiting on medical procedures that will impact her ability to prosecute this case. (ECF No. 116).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

The Court grants Plaintiff's motion to appoint counsel. The Court finds Plaintiff's situation to constitute exceptional circumstances. Plaintiff has explained that, because she is in administrative segregation, she lacks the research capabilities other inmates have and cannot interview other inmates who are witnesses. She adds that she cannot readily access her medical records, which are central to this case, and her records total over 3,000 pages. Plaintiff's case will also likely require expert testimony because her medical treatment is at issue, and she asserts that her records are inaccurate reflections of her treatment. The Court thus finds that Plaintiff lacks the ability to articulate her claims *pro se* in light of the legal complexities involved. This is especially true considering Plaintiff's recent emergency motion explaining that upcoming medical procedures will impede her ability to engage in this case. Additionally, Plaintiff has demonstrated likelihood of success on the merits sufficient for the Court to grant her motion. Specifically, the Court has partially granted Plaintiff's motions for injunctive relief, which analysis requires a finding of likelihood of success on the merits. (ECF No. 88). Because the Court grants Plaintiff's motion to appoint counsel, it denies her emergency motion for review of that motion as moot. (ECF No. 116).

### C. The Court grants Plaintiff's motion to reinstate her motion to extend (ECF No. 103).

Plaintiff moves to reinstate her previously filed motion to extend time filed at ECF No. 95. (ECF No. 103). Plaintiff asserts that the Court misconstrued her motion to withdraw filed at ECF No. 96 to withdraw ECF No. 95. (ECF No. 103). No party has responded to Plaintiff's motion to reinstate. Because the Court finds that Plaintiff did not intend to withdraw her motion to extend time filed at ECF No. 95, it grants Plaintiff's motion to reinstate (ECF No. 103) and will consider the merits of her motion to extend time (ECF No. 95).

In her motion to extend time, filed on August 10, 2023, Plaintiff explains that she has not received Defendants' responses to her discovery requests. (ECF No. 95). Plaintiff thus seeks to extend all discovery deadlines to sixty days after she receives Defendants' responses to discovery.

The Court granted Plaintiff's previous motion to extend time on May 18, 2023, and set the following deadlines (ECF No. 57):

| | |
|---|---|
| Amend pleadings/add parties: | August 28, 2023 |
| Discovery cutoff: | September 27, 2023 |
| Discovery motions: | October 11, 2023 |
| Dispositive motions: | October 30, 2023 |
| Joint pretrial order: | November 29, 2023 |

The Court notes that no party has responded to Plaintiff's motion to reinstate, constituting their consent to the Court granting it under Local Rule 7-2(d). Additionally, Plaintiff has shown good cause for the extension, explaining that she has not yet received discovery necessary to prosecute her case. The Court has also granted Plaintiff's motion for appointment of counsel and any appointed counsel will need time to conduct discovery. Plaintiff has also filed a motion to compel discovery. (ECF No. 115). The Court thus grants Plaintiff's motion to reinstate and will extend all deadlines[1] for sixty days from the date of this order. To the extent the parties require more time, they may file a stipulation or motion to extend these deadlines.

---

[1] Plaintiff's motion to extend time seeks to extend "all discovery deadlines." (ECF No. 95 at 2). Because Plaintiff moved to extend before the deadline to amend pleadings and add parties

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a Court order regarding service by the U.S. Marshals Service (ECF No. 62) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to deliver the following to the U.S. Marshals Service: (1) the summonses issued to Sandra Gobler and Steven Salkoff (ECF No. 58); (2) two copies of the complaint (ECF No. 5); and (3) a copy of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is also kindly directed to mail Plaintiff two copies of the Form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 19, 2023** to send the U.S. Marshals Service the required USM-285 forms.  Within twenty-one days after receiving a copy of the USM-285 forms back from the U.S. Marshals Service showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether the defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, the Plaintiff must file a motion with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that Plaintiff shall have forty-five additional days from the date of this order—until **November 13, 2023**—within which to serve Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 63) is **granted.**

**IT IS FURTHER ORDERED** that this case shall be referred to the Pro Bono Program adopted in Second Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff.  Plaintiff is reminded that she must comply with all deadlines currently set in her case and there is no guarantee that counsel will be appointed.  If counsel is found, an order appointing counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

---

expired, the Court construes Plaintiff's motion as seeking to extend all deadlines, including the deadline to amend pleadings and add parties.

**IT IS FURTHER ORDERED** that Plaintiff's emergency motion for review (ECF No. 116) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to reinstate (ECF No. 103) is **granted.**

**IT IS FURTHER ORDERED** that the following deadlines shall govern discovery:

| | |
|---|---|
| Amend pleadings/add parties: | October 27, 2023 |
| Discovery cutoff: | November 27, 2023 |
| Discovery motions: | December 11, 2023 |
| Dispositive motions: | December 29, 2023 |
| Joint pretrial order: | January 29, 2024 |

DATED: September 28, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE