UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| S. SEANAH DIXON,<br><br>　　　　Plaintiff<br><br>v.<br><br>STACY BARRETT, *et al.*,<br><br>　　　　Defendants | Case No.: 2:22-cv-01412-APG-DJA<br><br>**Order Denying Motions to Compel and for a Hearing**<br><br>[ECF Nos. 106, 114] |

　　　　Plaintiff S. Seanah Dixon previously filed several motions related to her request for emergency injunctive relief after alleging she suffered a stroke and a heart attack and did not receive adequate medical care. ECF Nos. 52; 56; 60; 70; 71; 72. I granted in part and denied in part Dixon's motions and ordered the defendants to file an affidavit under seal (1) stating the dates of Dixon's cardiology, neurology, endoscopy, and colonoscopy appointments that have been scheduled to occur no later than September 1, 2023, or (2) explaining the actual dates of those appointments and why they could not be scheduled by September 1, 2023. ECF No. 88. The defendants filed the notice as ordered, giving the dates for Dixon's cardiology and neurology appointments, and stating that the endoscopy and colonoscopy appointments were approved and awaiting scheduling with outside medical providers. ECF No. 91.

　　　　Dixon now moves for an order directing the defendants to comply with my order. ECF No. 106. She asserts that the September 1 date passed without all appointments and related tests taking place. The defendants respond that they complied with the order by filing the notice with the court and by taking Dixon to appointments with the neurologist and cardiologist in mid-August. They also state that the endoscopy and colonoscopy appointments have now been

scheduled and although attempts were made to expedite the appointments, the defendants are subject to the outside medical providers' schedules.

Dixon also moves for an emergency hearing because she contends that medical information is not being accurately provided to the court, and possibly to the defendants' counsel, who is then making misrepresentations to the court. Specifically, Dixon requests that Dr. Avram be required to appear at a hearing to be questioned on Dixon's condition and the need for tests and treatment. Dixon contends that Dr. Avram told Dixon that the upcoming scheduled appointments are "too late." ECF No. 114 at 2. Dixon also contends that only one appointment took place, as the other was cancelled.

I directed the defendants to respond to Dixon's representation that one appointment had been cancelled. ECF No. 117. The defendants responded by conceding that the appointment with the cardiologist was cancelled by the outside medical provider because the physician was not in the office that day. ECF Nos. 120; 120-1. The defendants state that the appointment has been rescheduled, and they have provided the date of that appointment to the court under seal. ECF Nos. 120-1; 121.

The legal standard for a temporary restraining order is substantially identical to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor,

and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Under either test, a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (simplified). Mandatory injunctions that go beyond maintaining the status quo and instead order a party to take specific action are "particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (simplified).

In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.*

I deny Dixon's motions because the defendants have complied with my order. Dixon had two of her appointments scheduled before the September 1 deadline. ECF No. 111-1 (neurology appointment on August 17); 111-2 (cardiology appointment August 18). One of those appointments was cancelled by the outside medical provider, a circumstance over which the defendants have no control. That appointment has been rescheduled. The endoscopy and colonoscopy appointments have been scheduled. ECF No. 109. The defendants have explained why the other appointments could not be scheduled sooner, despite their requests to expedite. *Id.* The defendants cannot control whether an outside medical provider will have an earlier available appointment. Consequently, I deny her motion to review the defendants' compliance with my

prior order. I also deny her request for a hearing because that will not alter the outside medical providers' schedules to get Dixon earlier appointments.

Although I deny Dixon's motions, I am concerned about the defendants' prior representation that the cardiology appointment occurred when it did not. The defendants are cautioned to communicate accurate and up-to-date information to their counsel and to this court.

I THEREFORE ORDER that plaintiff S. Seanah Dixon's motions to compel the defendants to follow the court's order **(ECF No. 106)** and for a hearing **(ECF No. 114) are DENIED**.

DATED this 4th day of October, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE