UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| S. Seanah Dixon,<br><br>        Plaintiff,<br><br>v.<br><br>Stacy Barrett, et al.,<br><br>        Defendants. | Case No. 2:22-cv-01412-APG-DJA<br><br>**Order** |

Plaintiff is an inmate at the High Desert State Prison proceeding *pro se.* Before the Court are Plaintiff's motion to compel (ECF No. 115); motion to extend time (ECF No. 126); motion to access medical records (ECF No. 129); and motion to direct the U.S. Marshals Service to serve process (ECF No. 142). Because the Court finds that Defendants have failed to timely respond to Plaintiff's discovery requests, but that Plaintiff's requested sanctions are not justified, it grants in part and denies in part Plaintiff's motion to compel. Because the Court already ruled on the motion for which Plaintiff seeks to extend time, the Court denies her motion to extend as moot. (ECF No. 126). Because Plaintiff has not demonstrated that she met and conferred with Defendants before filing her motion to compel access to her medical records, the Court denies that motion without prejudice. (ECF No. 129). Because Plaintiff can now rely on her counsel to help her with service, the Court denies Plaintiff's motion to direct the U.S. Marshals Service to serve process, but will *sua sponte* give Plaintiff additional time for service. (ECF No. 142).

**I.     Discussion.**

   ***A.     Plaintiff's motion to compel.***

In her motion to compel, Plaintiff asserts that she served requests for production on Defendants on May 10, 2023 (making the responses due June 11, 2023) and served requests for admission and interrogatories on May 25, 2023 (making the responses due June 26, 2023). (ECF

No. 115). Plaintiff sent Defendants former counsel—Lorin Taylor—letters on May 25th, June 11th, June 15th, June 21st, and June 26th regarding the discovery. To date, Plaintiff asserts that she has not received responses to her discovery requests or her letters. She thus requests that the Court extend discovery by forty-five days, require counsel to respond to the discovery requests "subject to sanctions," find that Defendants have waived their objections, and deem the requests for admission admitted.

Defendants respond and concede that discovery is overdue. (ECF No. 123). But they explain that Defendants' current counsel—Doug Rands—took over the case on July 3, 2023 and came to an agreement with Plaintiff that her medical treatment should have priority over discovery. (ECF No. 123). Rands asserts that the parties agreed that discovery would be put on hold and that the agreement was memorialized in a letter Rands sent to Plaintiff on July 19, 2023. Rands adds that Plaintiff's meet and confer letters were directed to former counsel and that Plaintiff never attempted to meet and confer with Rands. Plaintiff replies that Defendants have provided no authority that she was required to renew her meet and confer efforts when Defendants' counsel changed. (ECF No. 128). Plaintiff adds that, while she withdrew her initial motion to compel after discussing prioritizing her treatments with Rands, she has not received the expedited medical treatment she was promised.

If a party resists discovery, Rule 37(a) authorizes the requesting party to file a motion to compel. The party resisting discovery bears the burden of showing why that discovery should not be permitted because it is irrelevant, overly broad or unduly burdensome. *Fosbre v. Las Vegas Sands Corp.*, No. 2:10-cv-00765-APG-GWF, 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016). If the court grants a motion to compel, the court must require the party whose conduct necessitated the motion, the party's attorney, or both to pay the movant's fees. Fed. R. Civ. P. 37(a)(5)(A). But the court must not order these sanctions if the movant filed the motion before attempting in good faith to obtain the discovery without court action, if the opposing party's nondisclosure was substantially justified, or if other circumstances make an award of expenses unjust. *Id.* The general rule is that the failure to object to discovery requests within the time required constitutes a waiver of any objection. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468,

1473 (9th Cir. 1992). "Courts, however, retain discretion to relieve a late or non-responding party from the potentially harsh consequences associated with waiver." *Liguori v. Hansen*, No. 2:11-cv-00492-GMN-CWH, 2012 WL 760747, at *11 (D. Nev. Mar. 6, 2012). Courts in this district have previously applied the "good cause" standard to determine whether to apply waiver to Rule 33 interrogatories and Rule 34 requests for production, which standard centers on the diligence of the late responding party. *See id.* at *11-12 (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. Sept. 14, 1992)).

In responding to requests for admission under Federal Rule of Civil Procedure 36(a)(4), if party does not admit a matter, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. When a responding party fails to comply with these requirements, the Court has discretion to order that proper responses be provided or to deem the request admitted. *Jones v. Zimmer*, No. 2:12-cv-01578-JAD-NJK, 2014 WL 6772916, at *5 (D. Nev. Dec. 2, 2014). Nonetheless, a court should generally allow the responding party to amend the request for admission and only impose the "severe" sanction of deeming responses admitted where the responding party intentionally disregarded its obligations under Rule 36(a). *See id.*

The Court grants in part and denies in part Plaintiff's motion to compel. Defendants have conceded that their responses to Plaintiff's discovery is overdue. And Plaintiff has demonstrated that she has attempted to meet and confer. Additionally, Defendants have not asserted that they are refusing to respond to discovery or that the discovery is irrelevant, overly broad, or unduly burdensome. Instead, Defendants assert that it was their counsel's understanding that resolving Plaintiff's medical issues took precedence over the parties engaging in discovery. The Court thus grants Plaintiff's motion in part and denies it in part. The Court will require Defendants to respond to Plaintiff's discovery requests. However, the Court will not order monetary sanctions, deem Defendants' objections waived, or deem the requests for admissions admitted. Although Plaintiff did attempt to meet and confer with prior counsel, it appears that she did not meet and confer with Rands between the time the two agreed to prioritize Plaintiff's medical care and the time Plaintiff filed the instant motion. Because Defendants believed the parties had an agreement

to proceed with discovery after Plaintiff's medical issues were resolved, the Court finds that an award of the sanctions Plaintiff requests would be unjust.

### B.   *Plaintiff's motion to extend time to file a reply.*

Plaintiff moves to extend time for her to reply in support of her motion to compel Defendants to follow the Court's order, filed at ECF No. 106. (ECF No. 126). However, the Court denied Plaintiff's motion on October 4, 2023. (ECF No. 122). Plaintiff's motion to extend time is dated October 16, 2023. (ECF No. 126 at 2). Because the Court has already ruled on Plaintiff's motion to compel, the Court denies Plaintiff's motion to extend time to reply in support of that motion as moot.

### C.   *Plaintiff's motion to access her medical records.*

Plaintiff moves for a court order requiring the prison to let her view records filed under seal within seven to ten days of Plaintiff requesting them. (ECF No. 129). Plaintiff asserts that "each disclosure counsel provides Ms. Dixon's Warden's office purportedly for her viewing is not being disclosed or made available…" (*Id.* at 2). She adds that her kites to view these records are routinely ignored. (*Id.*). Defendants respond that Plaintiff did not meet and confer before filing her motion. (ECF No. 138). In any event, Defendants assert that seven to ten days is a reasonable time frame and Defendants' counsel is willing to facilitate Plaintiff viewing documents filed under seal within this timeframe. Plaintiff did not file a reply. Because Defendants have indicated a willingness to work with Plaintiff to review her records and because Plaintiff has not demonstrated that she attempted to meet and confer with counsel as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-2 before filing her motion, the Court denies her motion without prejudice.

### D.   *Plaintiff's motion for service by U.S. Marshals Service.*

Plaintiff moves for the Court to direct the U.S. Marshals Service to serve unserved Defendants Sandra Gobler and Steven Salkoff. (ECF No. 142). She explains that she followed the Court's instructions to reference where Gobler and Salkoff's addresses were filed under seal on the docket when submitting her USM-285 forms. But she received a letter back that the U.S.

Marshals Service was unable to serve the process because Plaintiff did not provide Gobler's or Salkoff's addresses. (ECF No. 142 at 8).

The Court denies Plaintiff's motion because Plaintiff can now work with her counsel to effectuate service such that an order requiring the U.S. Marshals to effectuate service is unnecessary. The Court will thus deny Plaintiff's motion without prejudice. The Court will, however, *sua sponte* extend the deadline for service under Federal Rule of Civil Procedure 4(m). The service deadline previously ended on July 3, 2023. The Court will extend that deadline to thirty days after this order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 115) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request that the Court compel Defendants to respond to Plaintiff's discovery requests. **Defendants must respond to those requests on or before January 26, 2024.** It is denied in part regarding Plaintiff's request that the Court deem Plaintiff's requests for admission admitted and Defendants' objections to Plaintiff's discovery requests waived. To the extent Plaintiff seeks monetary sanctions, the Court also denies that request.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend time (ECF No. 126) is **denied as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to access medical records (ECF No. 129) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to direct the U.S. Marshals Service to serve process (ECF No. 142) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the deadline for service under Federal Rule of Civil Procedure 4(m) is extended to **January 26, 2024.**

DATED: December 27, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE